# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1040 | **DATE** | 5/21/2002 |
| **CASE TITLE** | Talangea Robinson vs. Robert Gerritson, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Robinson's motion in limine #1, is granted in the qualified terms described here. (32-1) Robinson's motion in limine #2 is also granted. (32-2) Defendant's motions in limine #1, 2 and 4 are granted. (39-1, 40-1, 42-1) Defendant's motions in limine #3 and 5 are denied. (43-1, 41-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 56 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | 02 MAY 21 PM 4:24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TALANGEA ROBINSON, )
)
        Plaintiff, )
)
v. ) No. 01 C 1040
)
ROBERT GERRITSON, et al., )
)
        Defendants. )

DOCKETED
MAY 22 2002

## MEMORANDUM OPINION AND ORDER

This multidefendant action by Talangea Robinson ("Robinson"), in which she asserts both 42 U.S.C. §1983 ("Section 1983") claims of constitutional violations by defendants and some related state law claims, is in a somewhat unusual posture: At the same time that this Court has entered an April 3, 2002 final pretrial order ("FPTO") looking toward trial, two of the defendants have filed motions for summary judgment that have just become fully briefed and are thus ripe for decision. In conjunction with the FPTO, both Robinson and the several defendants have filed motions in limine. Because the case must go to trial on certain of Robinson's claims irrespective of the disposition of the pending summary judgment motions, this memorandum opinion and order will address the motions in limine

### Robinson's Motions in Limine

Robinson's No. 1 seeks to keep from the jury an earlier contact that she had with the justice system, which her motion describes in these terms:

56

> (a) In February 1997 plaintiff, while employed as an Assistant Manager at a motel in Matteson, Illinois was falsely arrested on a charge arising out of an armed robbery, which occurred while she was on duty. She was held for 24 hours and then released. A 1983 action was filed (97 C 4758) but was settled during trial.
>
> (b) Following her release plaintiff received therapy from Ms. Susan Yacobellis, LCSW, who also treated her following the subject incident. Ms. Yacobellis testified that the subject incident caused an aggravation of plaintiff's pre-existing post-traumatic stress disorder.

But defendants respond accurately that some reference to the first incident must be made in the current trial because Robinson claims here that the incident now in suit (an arrest by defendant Robert Gerritson ("Gerritson"), followed by Robinson's detention at defendant Village of Calumet Park's police lockup) either retriggered or aggravated an earlier post-traumatic stress disorder that Robinson had assertedly sustained in the first incident.[1]

At the same time, there is no question that a Fed. R. Evid. ("Evid. Rule") 403 balancing is called for on the subject. Importantly, any evidence as to that earlier incident should not cause Robinson to be portrayed in a false light that could render

---

[1] As a parenthetical digression, defense counsel do not realize how irritating it is to submit to a court snippets from a deposition--in this instance, that of social worker Yacobellis. When any court is called upon to evaluate an issue that implicates the extent of permissible testimony of a witness, the better practice (indeed, the only acceptable one) is to tender the entire deposition to the court. Only then can the court obtain a total handle on the situation.

her inappropriately suspect in the jury's evaluation of her credibility. If then Robinson's summary quoted above in paragraph (a) is accurate, that summary should be made the subject of a stipulation[2] so that Yacobellis can then testify simply that in her opinion the earlier incident caused the initial post-traumatic stress syndrome. Defendants will then be free to challenge that causation argument. In that way neither party will be in a position to "harp on" the earlier incident or "parade it lovingly before the jury" (see Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987)) in a way that would add far more heat than light to the jury's search for truth. In sum, Robinson's No. 1 is granted in the qualified terms described here.

As for Robinson's No. 2, she seeks to preclude any reference that could place before the jury any rumored affair between Robinson and a former member of Calumet Park's Police Department, Herman Mathus referred to as "Herman Mathews" in the motion and in the deposition of defendant Kim Reda ("Reda")). On that score, one issue in the current litigation is whether police

---

[2] If instead it is only Robinson's claim that the charge was false, with that claim being disputed by defendants, the statement can be adapted (for example)(1) deleting the word "falsely" from the first quoted sentence and (2) by changing the second sentence to read along the following lines:

> Because Ms. Robinson contended that the charge was false, she filed a lawsuit for damages and defendants settled the case by making a payment to her.

department dispatcher Reda conducted a strip search of Robinson at arresting officer Gerritson's direction. Reda denies that, so that defendants correctly urge that the comparative credibility of Robinson and Reda is material to the case.

That, however, in no way justifies Reda's seeking to muddy Robinson up in the fashion suggested by defendants' response. Instead Reda can testify simply that she had seen Robinson on numerous occasions before the incident at issue (without explaining the circumstances of her having done so) and that, in light of her recognition of Robinson at the time of her arrest by Gerritson, Reda had offered to conduct the necessary search of Robinson (in her version, only an external pat-down). Defendants' alternative--and prurient--approach to the matter provides a classic example of why Evid. Rule 404(b) material is always subject to being trumped by the balancing mandated by Evid. Rule 403, which in this instance weighs heavily in Robinson's favor. Robinson's No. 2 is granted.

## Defendants' Motions in Limine

Defendants' No. 1 seeks to bar Robinson's counsel from inquiring of Gerritson or any other Calumet Park personnel as to his or their unfamiliarity or noncompliance with 725 ILCS 5/107-4(a-3), which permits a peace officer such as Gerritson to make an arrest outside of the jurisdiction for which he or she works if the arrest is made pursuant to the investigation of an offense

4

that occurred in the arresting officer's primary jurisdiction. Whenever that is done, however, the officer is statutorily required to notify the law enforcement agency of the jurisdiction where the arrest is made. From the parties' submissions it appears that Gerritson and others were not aware of, and hence did not comply with, the need to provide such notification to Country Club Hills (the situs of the arrest).

But that deficiency, if it in fact existed, is really irrelevant to the probable cause issue that controls Section 1983 liability or nonliability. By statute Gerritson and codefendant Jeffrey DeVries ("DeVries") were <u>authorized</u> to make the arrest <u>as peace officers</u>, so that the position advanced by Robinson's counsel that they had only the rights of a private citizen to make arrests is inaccurate. No suggestion has been made that under Illinois law the absence of the statutorily required post-arrest notice invalidates the earlier arrest itself. Hence defendants' No. 1 is granted.

Defendants' No. 2 is similar to the motion just discussed, except that it seeks to bar interrogation relating to the requirements of a different statute: 725 ILCS 5/107-2(2). Because Robinson's counsel, who has addressed each of defendants' other motions with a separate filing, has not responded to this one, the motion is granted as unopposed.

Defendants' No. 3 asks to bar any evidence as to the January

4, 2001 decision by the Illinois Department of Employment Security ("Department") referee who, after a hearing, granted Robinson's claim for unemployment compensation benefits. That unemployment comp decision dealt with issues closely linked to the subject matter of this lawsuit, because the decision addressed whether Robinson had or had not stolen funds from the Plaza Inn Hotel (where she had been general manager) and because her arrest at issue in this action was based on a report from the Hotel's corporate officer to the Calumet Park Police that she had stolen those same funds.

Because the probable cause issue in this case is of course dependent on the circumstances known to the arresting officer at the time of arrest (which took place on January 12, 2001), and because the referee's earlier decision in Robinson's favor was not yet known to Gerritson or DeVries at the time of the arrest,[3] under ordinary circumstances that would render the referee's decision irrelevant and hence inadmissible. In this instance, however, there is more than meets the eye. According to Robinson's response (Stazde and Lenoch, referred to in the following quotation, were executives with Robinson's ex-employer who had brought the theft charges that were later found wrongfully lodged):

---

[3] Apparently Gerritson learned of the ruling shortly after January 22, 2001, when Robinson's former employer sent him a copy of a letter directed to Department's Board of Review.

Stazde was no stranger to the Calumet Park Police
Department. Stazde had employed various police
officers on a part-time basis at the Plaza Inn
including the defendant Gerritson. (Gerritson Dep. 26-
27) J. Lenoch had weekly conversations with Gerritson
as to the status of the charges against plaintiff and
at least on one occasion, and maybe twice, had
discussed plaintiff's IDES claim. (J. Lenoch Dep. 109,
119) The day before the IDES hearing on plaintiff's
appeal from the denial of her IDES claim, Gerritson
made several attempts to "pick up" plaintiff.
(Gerritson Dep. Ex. 9) And at the time of the arrest,
Stazde was in the process of appealing the decision
awarding plaintiff benefits. A copy of the appeal was
copied to Gerritson and is now a part of the police
file. (Gerritson dep. Ex. 22)

With that being the case, the evidence that Robinson was cleared of the charges--even though not known to Gerritson at the time of the arrest--must be viewed as interlinked with Robinson's potential argument that Gerritson was otherwise motivated in making the arrest, thus bringing the matter within the coverage of Evid. Rule 404(b). In that respect, a proper instruction to the jury on probable cause and on when its presence or absence is determined will avoid the potential for unfair prejudice that could cause Evid. Rule 403 to override admissibility of that evidence. Defendants' No. 3 is denied.

Defendants' No. 4 seeks to bar the introduction into evidence of any aspect of the earlier arrest and detention of Robert Smith ("Smith"), Robinson's immediate predecessor as general manager of the Plaza Inn. Neither Gerritson nor DeVries was involved in the Smith affair, in which Smith was released without charges after he told the arresting officer (Detective

7

John Rigoni) that he was willing to give up his pension rights in return for his employer's dropping of any charges against him. Although both that incident and the one sued on here involved the arrest of Plaza Inn general managers at the instance of the Inn's management, the dissimilarities between the two situations (including the fact that the current defendants played no part in the Smith episode) make any potential use of the evidence here inappropriate. Even if the Smith episode were to be viewed as marginally relevant here (a real stretch), Evid. Rule 403 balancing would call for its exclusion. Defendants' No. 4 is granted.

Finally, Defendants' No. 5 seeks to foreclose Robinson's introduction of two tape recordings of calls that her lawyer Nancy Carlson ("Carlson")[4] made in an unsuccessful effort to talk with Robinson. Defendants rely on the absence of a Sixth Amendment[5] right on Robinson's part because no formal charges had been placed against her following her arrest. But that motion ignores Robinson's state law complaint which relies in part (AC

---

[4] Robinson's husband reached Carlson shortly after Robinson's arrest, and Carlson promptly called the Calumet Park Police Station in an effort to communicate with her client.

[5] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

Count III) on claimed violations of Illinois statutory law dealing with Robinson's post-arrest (not post-charge) rights to communicate with counsel--see 725 ILCS 5/103-3 and Illinois Municipal Jail and Lockup Standards §720.20(b)(1). Defendants' No. 5 is denied.

## Conclusion

This memorandum opinion and order has disposed of both sides' motions in limine. Because these rulings are intended to be definitive, neither side is required, as and when the case goes to trial, to renew any motion objecting to admissibility that has been allowed by this opinion or to make an offer of proof as to evidence that has been excluded by this opinion (see Evid. Rule 103(a)).

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: May 21, 2002

9